IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo Barrera,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Honor Health Emergency Center – Deer Valley,<br><br>　　　　　Defendant. | No. CV 21-01658 PHX CDB<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

Plaintiff, who proceeds pro se, has filed a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).[1] Accordingly, his Complaint is subject to *sua sponte* review, and the Complaint is also subject to mandatory dismissal if it is "frivolous, malicious," or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). *See also Coleman v. Tollefson*, 135 S.

---

[1] Granting or denying a motion to proceed *in forma pauperis* is a matter left to the Court's discretion. *See*, *e.g.*, *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998). Such a motion may be granted when the plaintiff has established their indigency and docketed a complaint which presents at least one nonfrivolous claim. *See*, *e.g.*, *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 756-57 (7th Cir. 1988). When a non-prisoner seeks leave to proceed on a civil complaint without the prepayment of fees pursuant to 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his income and assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a). Plaintiff alleges he has no income and no assets. Accordingly, Plaintiff has established that he lacks the financial ability to pay the filing fee.

Ct. 1759, 1763 (2015). Section 1915(e) "not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Because upon screening it appears the Court is without jurisdiction to hear Plaintiff's claims for relief, a decision on the motion to proceed *in forma pauperis* is dispositive. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

Screening under § 1915(e)(2) is performed under the same standard of review as Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim for relief. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). The Court must liberally construe a pro se plaintiff's pleadings. *E.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, although the Court must accept as true allegations of material fact, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014).

To be allowed to proceed on a complaint, the plaintiff must establish the Court's jurisdiction over their claim(s). A plaintiff may establish the Court's subject matter jurisdiction in one of two ways. First, the plaintiff may assert that the defendant violated the Constitution, a federal law, or treaty of the United States, i.e., the Court's "federal question" jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, a plaintiff may invoke the Court's "diversity" jurisdiction, which applies "where the matter in controversy exceeds

1  the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of
2  different States." 28 U.S.C. § 1332(a)(1).

3  Plaintiff asserts the Court has federal question jurisdiction over his claims, citing
4  only 22 U.S.C. § 2702. (ECF No. 1 at 3). The factual basis for Plaintiff's claim is as
5  follows:

> On 9/20/21, and 9/24/21, respectively, I went to the Honor Health Emergency Center – Deer Valley and complained of extreme pain because I was drugged, tortured, and raped. The medical staff are involved in a sophisticated ongoing conspiracy, which constitutes a criminal terrorist organization to deprive me of my rights, and they refused to treat me.

10  (ECF No. 2 at 4).

11  In his prayer for relief, Plaintiff states:

> I am seeking monetary damages (unspecified) and criminal sanctions, if at all possible. I am seeking an injunctive order for the emergency room to operate on my left clavicle and for a blood toxocology [sic] exam and an entire Ct-scan and MRI of my entire body because I am a victim of a complex conspiracy and I am being tortured an[d] the doctors/hospital is refusing to do the imaging of my soft tissue and nerves.

16  (*Id.*).

17  The Complaint fails to establish the Court's subject-matter jurisdiction. Section
18  2702 pertains to actions for malpractice purportedly committed by physicians who work
19  for the United States Department of State or any other federal department, agency, or
20  instrumentality. *See* 22 U.S.C. § 2702(a). There is no indication in the Complaint, nor
21  could it plausibly allege, that the "medical staff" of Honor Health work for the
22  Department of State or any other federal department, agency or instrumentality. Plaintiff
23  also fails to satisfy the requirements for subject matter jurisdiction on the basis of
24  diversity of citizenship, as the sole named defendant is an entity located and presumably
25  incorporated in Arizona and Plaintiff is a resident of Arizona.

26  If a pro se plaintiff can cure the factual allegations in their complaint to sustain a
27  finding of subject matter jurisdiction, the Court may give them leave to do so. However,
28  if repleading cannot cure the deficiencies, the Court may dismiss a complaint

accompanied by a motion to proceed *in forma pauperis* with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 2005); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Lopez*, 203 F.3d at 1129. Because Plaintiff is unable to allege a proper basis for the Court's jurisdiction over his claims against a private Arizona hospital for the failure to treat Plaintiff's non-life threatening injuries,

**IT IS THEREFORE RECOMMENDED that** Plaintiff's complaint be **dismissed** with prejudice for failure to allege subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion for leave to proceed *in forma pauperis*, and his motions at ECF No. 5 and ECF No. 6 be **denied as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length.

//

//

//

//

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of October, 2021.

_____
Camille D. Bibles
United States Magistrate Judge